UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

IRA ALSTON
                PRISONER
 v.           CASE NO. 3:09 CV 1978(CSH)

MICHAEL PAFUMI, ET AL.

## RULING ON PENDING MOTIONS

Pending before the court are ten motions, two filed by defendants and the remaining eight filed by the <u>pro se</u> plaintiff, as follows: plaintiff's Motion for Protective Order, filed June 23, 2010 (Dkt. #31); plaintiff's Motion for Service of Amended Complaint, filed August 10, 2010 (Dkt. #36); plaintiff's Motion to Compel, filed August 26, 2010 (Dkt. #37); plaintiff's Motion for Leave to File Reply, filed September 27, 2010 (Dkt. #40); plaintiff's Motion to Expedite, filed October 25, 2010 (Dkt. #44); plaintiff's Motion to Stay, filed November 1, 2010 (Dkt. #45); plaintiff's Motion for Courtesy Copies of Court Documents, also filed November 1, 2010 (Dkt. #46); plaintiff's Motion for Service of Process, also filed November 1, 2010 (Dkt. #47); defendant's Motion to Amend/Correct, filed November 16, 2010 (Dkt. #50); and defendant's Motion for Service of Copies, filed November 18, 2010 (Dkt. #51).[1] These motions were referred to this Magistrate Judge on November 9, 2010. (Dkt. #48). This ruling addresses defendants' motions first.

---

[1] Plaintiff's Motion to Depose Inmate, filed October 25, 2010 (Dkt. #43) will be addressed in a future ruling.

**I. Motion to Amend Docket (Dkt. #50)**

Defense counsel contends that on September 16, 2010, she mailed to the Court an objection to plaintiff's Motion to Compel (Dkt. #37). Counsel has attached the objection to her Motion to Amend. Although it is evident that plaintiff received the objection on or before September 21, 2010, the objection did not reach the Clerk's Office and has not been docketed in the case. Counsel asks the Court to direct the Clerk to amend the docket to reflect the filing of the September 16, 2010 objection to the Motion to Compel. Because the Court has no record of having received the objection, it will not direct the Clerk to amend the docket sheet to reflect the filing of the objection at an earlier date. Accordingly, the Motion to Amend the docket is **denied**.

Because counsel has attached the objection to her Motion to Amend the docket sheet, the Court now directs the Clerk to file-stamp the Objection as having been filed on November 16, 2010, the date the motion to amend was received by the Clerk's Office, and to docket the Objection.

**II. Request for Order of Service Copies (Dkt. #51)**

Defense counsel contends that plaintiff is not mailing copies of all motions or pleadings to her in compliance with Rule 5, Fed. R. Civ. P. Counsel seeks an order directing plaintiff to comply with Rule 5.

The motion is **granted**. The court reminds the plaintiff that all motions, pleadings, discovery papers, notices,

appearances, demands, offers of judgment, or any similar papers must be served on counsel for defendants. Each of these documents must also include a certificate of service indicating the date on which it was served and the name and the address of the person who was served with the document. Plaintiff is cautioned that failure to serve any of the above-mentioned documents on counsel for the defendants in the future could result in the imposition of sanctions.

### III. Motion for Leave to File a Reply (Dkt. #40)

Plaintiff seeks leave to file a reply to defendants' objection to his August 26, 2010 Motion to Compel. The motion is **granted**. The Clerk is directed to docket the reply attached to the motion. The court considers the reply below.

### IV. Motion to Compel (Dkt. #37) & Motion to Expedite Ruling on Motion to Compel (Dkt. #44)

Plaintiff asserts that on June 23, 2010, he served a Request for Production of Documents on counsel for defendants. He claims that defense counsel has not responded to his request. He seeks an order compelling counsel to respond.

A party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a)(1) of the Federal Rules of Civil Procedure. Under this rule, a motion to compel must include a certification that the plaintiff has made an attempt to confer with opposing counsel in a good faith effort to

resolve the discovery dispute without the intervention of the court.

Plaintiff's Motion to Compel does not include a certification that he made an effort to resolve the dispute pertaining to his June 23, 2010 request for documents prior to filing the motion. Furthermore, in his reply to defendants' objection to the Motion to Compel, plaintiff concedes that he made no attempt to contact counsel before he filed his Motion to Compel. The Court concludes that plaintiff has not satisfied Federal Rule 37(a)(1).

In addition, Rule 37(b)1 of the Local Civil Rules of the United States District Court for the District of Connecticut requires that any discovery motion filed with the court be accompanied by a detailed memorandum of law containing the specific items of discovery sought or opposed. Rule 37(a)3 provides in pertinent part:

> Memoranda by both sides shall be filed with the Clerk in accordance with Rule 7(a)1 of these Local Rules before any discovery motion is heard by the Court. Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed. . . . Every memorandum shall include, as exhibits, copies of the discovery requests in dispute.

D. Conn. L. Civ. R. 37(b)1.

Plaintiff has filed a memorandum in support of his Motion to Compel, but has not set forth the reasons why each of the

4

requested documents should be allowed.  Accordingly, the memorandum does not comply with Local Rule 37(b)1.  Because plaintiff has not complied with the provisions of Federal Rule 37(a)(1) and Local Rule 37(b)1, the Motion to Compel the defendants to respond to the June 23, 2010 document request is **denied without prejudice to renew at a later time**.  The Motion to Expedite Ruling on the Motion to Compel is **denied as moot**.

## V.  Motion for Protective Order (Dkt. # 31)

Plaintiff seeks a protective order against defendants with regard to future discovery matters.  Plaintiff states that discovery information sent to him by defense counsel on June 10, 2010 was subsequently removed from his cell by some of the defendants.  Plaintiff filed a motion seeking to have defense counsel re-send the information to him.  On June 25, 2010, the Court entered an order directing defendants to send a second copy of the discovery material to plaintiff on or before July 7, 2010.  (Dkt. #32).  Defendants have complied with this order.

Plaintiff essentially re-asserts his claims regarding the alleged confiscation of the discovery material.  As the Court has already resolved this dispute by its prior order of June 25, 2010, the Motion for Protective Order is **denied as moot**.

**VI. Motion for Service of Complaint (Dkts. ##36, 47)**

Plaintiff seeks an order directing the United States Marshal's Service to serve the amended complaint on the newly named defendants. Because the Court has already entered an order for service of the amended complaint on defendants Sledzianowski, Scruggs, Kordas and Rodney, the Motions for Service are **denied as moot**.

**VII. Motion to Stay (Dkt. #45)**

Plaintiff seeks to stay this action until he can confer with defense counsel and reach an agreement as to a case management plan pursuant to Local Rules 16(b) and 26(f). Pursuant to Local Rule 26(f)(3), the requirement that the parties confer and file a party planning conference report, including a case management plan, does not apply to cases filed by prisoners. Local Rule 16(b) provides that a tailored scheduling order is not required in "pro se prisoner cases." Id. The docket sheet reflects that the Court has already issued a scheduling order. (See Dkt. # 25). Because Local Rules 16(b) and 26(f) do not apply to this case, the Motion for Stay is **denied**.

**VIII. Motion for Copies of Documents (Dkt. #46)**

Plaintiff seeks a free copy of the amended complaint and the docket sheet. Although the Court granted plaintiff leave to proceed in forma pauperis in this action, this status only permits him to file the action without prepayment of the filing

fee.  Plaintiff is not automatically entitled to copies or other materials.  See Guinn v. Hoecker, 43 F.3d 1483 (10th Cir. 1994) (28 U.S.C. § 1915 does not include right to free copy of any document in record; court may constitutionally require indigent plaintiff to demonstrate need for free copy), cert. denied, 514 U.S. 1118 (1995); Douglas v. Green, 327 F.2d 661, 662 (6th Cir. 1964)(28 U.S.C. § 1915 does not include the right to receive copies of court orders without payment).

Thus, plaintiff's Motion for Free Copies of the amended complaint and docket sheet is **denied**.  The amended complaint is fifty-six pages in length and the docket sheet is nine pages in length.  Plaintiff may receive copies of the amended complaint and docket sheet by submitting a check or money order payable to the Clerk of Court in the amount of $32.50.  If plaintiff cannot afford the copy charge, he may file a renewed motion with the court including a copy of his inmate account balance to demonstrate his inability to pay for the copies.

## IX.  CONCLUSION

Defendants' Motion to Amend Docket (**Dkt. #50)** is **denied; however, because counsel has attached the Objection to her Motion to Amend the docket sheet, the Court directs the Clerk to file-stamp the Objection as having been filed on November 16, 2010, the date the Motion to Amend was received by the Clerk's Office, and to docket the Objection.**

7

Defendants' Request for Order of Service Copies (**Dkt. #51**) is **granted**. Plaintiff is cautioned that failure to serve all motions, pleadings, discovery papers, notices, appearances, demands, offers of judgment, or any similar papers on defense counsel in the future could result in the imposition of sanctions.

Plaintiff's Motion for Leave to File a Reply **(Dkt. #40)** to defendants' objection to his August 26, 2010 Motion to Compel is **granted**. The Clerk is directed to docket the reply attached to the motion.

Plaintiff's Motion to Compel **(Dkt. #37)** the defendants to respond to the June 23, 2010 document request is **denied without prejudice to renew at a later time**. Plaintiff's Motion to Expedite Ruling on Motion to Compel (**Dkt. #44)** is **denied as moot**.

Plaintiff's Motion for Protective Order (**Dkt. #31**), as well as his Motions for Service of Complaint (**Dkts. ##36, 47)** are **denied as moot**. Lastly, plaintiff's Motion to Stay (**Dkt. #45)** and his Motion for Free Copies of Documents (**Dkt. #46)** are **denied**.

SO ORDERED this 10th day of December, 2010, at New Haven, Connecticut.

                                  /s/ Joan G. Margolis, USMJ
                                  Joan G. Margolis
                                  United States Magistrate Judge