UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

IRA ALSTON
                                          PRISONER
     v.                         CASE NO.  3:09 CV 1978(CSH)

MICHAEL PAFUMI, ET AL.

**RULING ON PLAINTIFF'S MOTION TO DEPOSE INMATES (Dkt. # 43)**

Plaintiff seeks leave to orally depose six inmates confined at Northern Correctional Institution pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure. He describes the six inmates as witnesses for this lawsuit, and states that he hopes to discover facts during the depositions to prove his allegations against defendants. Defendants object to this motion. (Dkt. #52).[1]

The statute authorizing indigent persons to file an action without prepayment of the filing fee, 28 U.S.C. § 1915, does not authorize the payment of deposition expenses by the court. See Jackson v. Woodford, Civil No. 05 CV 0513-L(NLS), 2007 WL 2580566, at *1 (S.D. Cal. Aug. 17, 2007)("Pursuant to 28 U.S.C. § 1915(a), [p]laintiff's in forma pauperis status entitles him to . . . free service of process by United States Marshals, however, it does not entitle him to waiver of witness fees, mileage or deposition officer fees.")(citations omitted);

---

[1]Although plaintiff sought an extension of time, until December 30, 2010, to file a reply brief, which extension was granted (Dkts. ##56-57), no reply brief was filed.

1

Murray v. Palmer, No. 903-CV-1010 (DNH/GHL), 2006 WL 2516485, at *4 (N.D.N.Y. Aug. 29, 2006)("a litigant proceeding in forma pauperis does not have a right to a waiver of (1) the cost of a deposition stenographer,(2) the daily attendance fee and mileage allowance that must be presented to an opposing witness under Rule 45 of the Federal Rules of Civil Procedure, or (3) the copying cost of any deposition transcripts.")(footnotes omitted); Tajeddini v. Gulch, 942 F. Supp. 772, 782 (D. Conn. 1996)(denying plaintiff's motion to depose defendants because plaintiff did not indicate how he would pay deposition expenses and in forma pauperis status does not require advancement of funds by the court for deposition expenses).

Plaintiff states that he plans to record the deposition testimony by audio. Pursuant to Rule 30(b)(3), the party who seeks to take the deposition and chooses to record the testimony "by audio, audiovisual or stenographic means. . . . bears the recording costs." Furthermore, Rule 30(b)(5) requires that, unless the parties have otherwise agreed, a deposition by oral questions "must be conducted before an officer appointed or designated under Rule 28, FED. R. CIV. P." Defendants have not agreed to waive this requirement.

Plaintiff does not indicate that he has sufficient funds to pay the required expenses to depose the persons identified in his motion. Nor has he made any arrangements to have an

officer present at the deposition pursuant to Rule 30(b)(5), FED. R. CIV. P.  Thus, plaintiff's motion is **denied without prejudice**.  Plaintiff may refile his motion if he can demonstrate that he has sufficient funds to pay the deposition expenses and has made arrangements to have an officer present to conduct the deposition.

Plaintiff's Motion to Depose Inmates (**Dkt. # 43)** is **denied without prejudice to renew at a later time**.

SO ORDERED this 5th day of January, 2011, at New Haven, Connecticut.

 /s/ Joan G. Margolis, USMJ  
 Joan G. Margolis  
 United States Magistrate Judge