UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IRA ALSTON

    v.                                      CASE NO.    3:09CV1978 (CSH)

MICHAEL PAFUMI, ET AL.

## RULING ON PENDING MOTIONS

Pending before the court is a motion to withdraw, a motion for extension of time, two motions to compel, a motion for voluntary dismissal, a motion to set aside an order, an objection to an order and a motion for emergency relief filed by the plaintiff and two motions for extension of time filed by the defendants. The relevant prior orders in the case were entered by Magistrate Judge Margolis, to whom a reference was made.

For the reasons set forth below, the motion to withdraw, the motion for voluntary dismissal and the motion to compel are granted. The motion for extension of scheduling deadlines and defendants' second motion for extension of time are granted in part. The renewed motion to compel, the motion to set aside an order, the motion for emergency relief and defendants' first motion for extension of time are denied. The objection is overruled.

**I.    Motion to Withdraw [Doc. No. 60]**

The plaintiff seeks to withdraw the motion to stay rulings that he filed on November 1, 2010. As the court has already ruled on the motion to stay, the motion to withdraw is denied as moot.

## II. Motion for Voluntary Dismissal [Doc. No. 76]

The plaintiff seeks to voluntarily dismiss all claims in the amended complaint against defendant Captain Darryl Little. The defendants have no objection to the motion. The motion for voluntary dismissal of all claims against defendant Little is granted. Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, all claims against defendant Darryl Little are dismissed with prejudice.

## III. Renewed Motion to Compel [Doc. No. 75]

The plaintiff asserts that on June 23, 2010, he sent correspondence to counsel for the defendants seeking eight different types of documents. He claims that counsel has not responded to this correspondence. On December 23, 2010, the plaintiff sent a letter to counsel for the defendants in an attempt to resolve this alleged discovery dispute. The plaintiff claims that counsel did not respond to his letter. The plaintiff seeks to compel counsel for the defendants to respond to his June 2010 correspondence seeking certain documents.

The plaintiff's memorandum in support of the motion to compel describes the first three requests for documents contained in the June 2010 letter to counsel for the defendants as follows: Request No. 1 - the plaintiff's entire master file; Request No. 2 - the plaintiff's entire inmate Northern Facility file; and Request No. 3 the plaintiff's entire medical file. The plaintiff states that he does not have a copy of the original June 2010 letter to counsel and cannot recollect what specific documents were included in Requests Nos. 4-8.

In the letter to counsel dated in December 2010, the plaintiff states that he considers each of the eight requests reasonable. He describes requests ## 1-3 as including documentation in his master, classification, disciplinary and medical files. The plaintiff concedes that in October 2010, he received some of the documents from all four of these files from the attorney

who represents him in another case against the Department of Correction. The plaintiff then reframes his document requests as follows: (1) Incident Reports from his Master File including those reports dated November 23, 2009, January 27-February 1, 2010, April 23-26, 2010, August 10-12, 2010, November 6-9, 2010, November 26-December 2, 2010; (2) Classification records after July 2010; (3) Disciplinary records after January 1, 2008; and (4) Medical records after March 2010. The plaintiff also asks for the documents responsive to requests ## 4-8, but does not describe these requests.

Rule 34 of the Federal Rules of Civil Procedure provides that "[a] party may serve on any other party a request . . . to produce . . . the following items in the responding party's possession, custody, or control: (A) any designated documents . . . or (B) any designated tangible things. . . ." Rule 34(a)(1), Fed. R. Civ. P. The plaintiff concedes that he did not serve a request for production of documents on a party to this action, but rather sent correspondence to counsel for the defendants seeking certain documents. As such, this June 2010 correspondence does not comply with Rule 34(a), Fed. R. Civ. P.

Even if it did, the letter sent to counsel for the defendants on December 23, 2010, which the plaintiff describes as his attempt to resolve the discovery dispute related to the June 2010 request for documents, is really an amended request for documents. The request, however, is not addressed to a party to this action. Furthermore, the court fails to see how the incident, disciplinary or classification reports or medical records sought in the first three requests of the December 23, 2010 letter are relevant to the litigation of this case. The claims in the amended complaint pertain to incidents that occurred in October and November 2009. Other than an incident report relating to the plaintiff's November 23, 2009 in-cell restraint placement and disciplinary reports issued to the plaintiff relating to the incidents in October and November

3

2009, the plaintiff seeks documents created in 2010. The plaintiff simply states that the documents are necessary "for preparation of litigation." The court concludes that this is an insufficient justification for the production of these documents by the defendants.

For all of the reasons above, the court denies the plaintiff's motion to compel the defendants to respond to the June 2010 correspondence addressed to counsel for the defendants.

**IV.     Motion to Compel [Doc. No. 64]
         Motion for Extension of Time [Doc. No. 83]**

The plaintiff seeks to compel the defendants to respond to his October 25, 2010 request for production of documents. He claims that the defendants have never responded to this request. He attaches a letter mailed to counsel for the defendants on December 6, 2010 addressing the unanswered document request. This letter constitutes the plaintiff's attempt to confer with counsel in an effort to resolve this discovery dispute. Counsel did not respond to the plaintiff's December 6, 2010 letter. Counsel has filed a memorandum in opposition to the motion to compel and a second motion for extension of time to respond to the August 2010 request for production of documents.

In her opposition to the motion to compel, counsel indicated that she is still preparing responses to the October 25, 2010 document request. Counsel also informed the court that the plaintiff was scheduled to participate in a settlement conference on January 18, 2011 in connection with another case, *Alston v. Cahill, et al.*, Case No. 3:07cv473(RNC), and that the settlement conference might also encompass this case and/or issues of discovery in this case. It is apparent from reviewing the docket sheet in *Alston v. Cahill, et al.*, that the settlement conference did not go forward on January 18, 2011, but was re-scheduled for March 10-11, 2011.

On January 28, 2011, counsel for the defendants moved for an extension of time to

respond to the October 25, 2010 request for production until April 1, 2011 claiming that she was still preparing responses to the request and opining that any settlement in the other case would necessarily include this case. Although the court granted this motion for an extension of time, counsel has still not responded to the October production request. Instead, counsel filed a second motion for extension of time on March 14, 2011, seeking an extension until July 19, 2011 to respond to the discovery request. Counsel informed the court that the settlement conference in *Alston v. Cahill, et al.* had been continued until June 21, 2011 and that any settlement in that case would necessarily include this case.

Counsel has never explained why the defendants failed to respond to the October 25, 2010 document request within thirty days after service of the request or why they neglected to file a motion for extension of time to respond to the document request within the thirty day time period. Furthermore, counsel has filed a notice indicating that the plaintiff had apparently reneged on his earlier intent to settle the *Alston v. Cahill, et al.* case as well as this case and other pending matters. Counsel has failed to demonstrate any good cause for delaying the defendants' response to the October 2010 request until July 2011. Accordingly, the motion for extension of time is denied and the motion to compel is granted. The defendants shall file their responses to the October 25, 2010 Request for Production of Documents within thirty days of the date of this order.

V. **Objection to Court Order [Doc. No. 82]**

The plaintiff objects to the Magistrate Judge's Order granting the defendants' motion for extension of time until April 1, 2011 to respond to his October 2010 request for production of documents. He asks the court to vacate that order and direct the defendants' to respond to his October 2010 request for production of documents. In view of the court's ruling above granting

the plaintiff's motion to compel the defendants to respond to the October 2010 request and denying defendants' motion seeking additional time to respond to that request, the objection to the Magistrate Judge's Order [Doc. No. 74] is overruled as moot.

## VI. Motion to Set Aside Order [Doc. No. 78]

On December 29, 2010, the plaintiff filed a document entitled "Motion for Enlargement of Time." *See* [Doc. No. 63]. In that motion, the plaintiff sought a second extension of time to file a reply to defendants' objection to his motion to depose inmates. The Clerk, however, docketed the motion as a motion for extension of time to respond to discovery.

On January 19, 2011, the plaintiff filed a document entitled "Plaintiff's Motion for Emergency Relief in Connection with Plaintiff's Motion for Modification of Scheduling Order Dkt. #25." *See* [Doc. No. 29]. The Clerk docketed the motion as a motion for emergency relief as to the scheduling order deadlines contained in Doc. No. 25 and to his December 29, 2010 motion for extension of time.

On January 26, 2011, the defendants filed a document entitled "Defendants' Assent to Plaintiff's 12/29/10 Motion for Extension of Time." [Doc. No. 70]. In the motion, defendants indicated that they agreed to the requests for extension of time sought in the plaintiff's December 29, 2010 motion as well as the January 19, 2011 motion.

On January 28, 2011, after reviewing the plaintiff's motions for extension of time [Doc. No. 63] and for emergency relief [Doc. No. 69] and the defendants' notice assenting to the relief sought by the plaintiff in those motions, Magistrate Judge Margolis granted the first motion and granted the second motion to the extent it sought an extension of the scheduling order deadlines until April 1, 2011 to complete discovery. *See* [Doc. No. 72]. The plaintiff asks the

court to set aside Judge Margolis's Order pursuant to Rules 72.2 and 7(b)(3) of the Local Civil Rules of the United States District Court for the District of Connecticut.

A district judge may modify or set aside a pretrial order issued by a magistrate judge where the party shows that the magistrate judge's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Rule 72(a), Fed. R. Civ. P., Local Rule 72.2(b), D. Conn. L. Civ. R. The court concludes that the plaintiff has not demonstrated that the order of the magistrate was clearly erroneous or contrary to law.

It is apparent that the plaintiff believes that the motion for emergency relief [Doc. No. 29] was a motion filed by the defendants seeking to extend the deadline for responding to his October 2010 request for production of documents. As discussed above, the motion for emergency relief was filed by the plaintiff seeking to modify of the court's scheduling order deadlines. Accordingly, the plaintiff's disagreement with the court's order granting this motion is unfounded.

The plaintiff also contests the portion of the Magistrate Judge's order granting the motion for extension of time to file a reply to the defendants' objection to his motion to depose inmates because the Magistrate had already ruled on his motion for leave to depose inmates at the time she granted the motion for extension of time. It is apparent that the decision of the Magistrate Judge to grant the motion for extension of time to file a reply to the defendants' objection to the motion to depose rather than denying it as moot was due to the fact that the Clerk had docketed the plaintiff's motion as a request for an extension of time to respond to or complete discovery. Accordingly, the court does not consider the Magistrate Judge's Order granting the plaintiff's motion for extension of time to file a reply and motion seeking to extend the deadline for completing discovery as clearly erroneous or contrary to law. Furthermore, the

court will not construe the plaintiff's motion as a motion for reconsideration of Judge Margolis's ruling denying the motion to depose as the plaintiff has set forth no basis for reconsideration of that ruling. The motion to set aside the Magistrate Judge's January 28, 2011 Order is denied.

**VII.** **Motion for Extension of Scheduling Deadlines [Doc. No. 61]**
**Motion for Extension of Time [Doc. No. 88]**

On June 14, 2010, the court issued a scheduling order setting a deadline of December 14, 2010 for completion of discovery and a deadline of January 14, 2011 for filing motions for summary judgment. The plaintiff seeks to extend the deadline for completing discovery until June 30, 2011 and for filing motions for summary judgment until July 31, 2011.

On April 6, 2011, the defendants filed a motion seeking an extension of time until July 1, 2011 to respond to a request for production dated December 25, 2010.[1] Counsel for the defendants informed the court that a settlement conference in *Alston v. Cahill, et al.* is still scheduled for June 21, 2011 and that any settlement in that case might include this case. Counsel conceded, however, that the plaintiff has submitted documents to the court demonstrating his lack of interest in settling any of his cases. Thus, the court concludes that counsel has not shown good cause for an almost three month extension of time to respond to the December 2010 request. Accordingly, the motion for extension of time is granted in part. The defendants shall respond to the December 25, 2010 document request within thirty days of the date of this order.

The plaintiff's motion for extension of the scheduling order deadlines is granted to the extent that all responses to discovery requests must be served on the opposing party or parties

---

[1] In the motion for extension of time, counsel for the defendants refers to a document request dated March 11, 2011. Counsel has represented to the court, however, that the document request is in fact dated December 25, 2010.

within thirty days of the date of this order. Any motions for summary judgment shall be filed within sixty days of the date of this order.

**VIII.      Motion for Emergency Relief [Doc. No. 84]**

The plaintiff asks the court to rule on his motions to compel and to set aside an order of the court as well as his objection to an order of the court. The court has ruled on those motions and objection *supra*. To the extent that plaintiff presses this motion, essentially one for duplicative relief, the motion is denied as moot.

**Conclusion**

The plaintiff's Motion to Withdraw [**Doc. No. 60**] the motion to stay rulings is **DENIED** as moot. The Motion for Voluntary Dismissal [**Doc. No. 76**] of all claims against defendant Darryl Little is **GRANTED**. Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, all claims against defendant Darryl Little are **DISMISSED with prejudice**. The plaintiff's Renewed Motion to Compel **[Doc. No. 75]** the defendants to respond to his June 2010 correspondence is **DENIED**. The plaintiff's Motion to Compel [**Doc. No. 64**] the defendants to respond to his October 25, 2010 Request for Production of Documents is **GRANTED**. The defendants' Motion for Extension of Time [**Doc. No. 83**] to respond to the October 25, 2010 Request for Production of Documents is **DENIED**. The defendants' Motion for Extension of Time [**Doc. No. 88**] to respond to the December 25, 2010 Request for Production of Documents is **GRANTED** in part. Defendants shall respond to the October 25, 2010 and December 25, 2010 Requests for Production of Documents within thirty days of the date of this order.

The Motion to Set Aside Order **[Doc. No. 78]** is **DENIED** and the Objection [**Doc. No. 82**] to Court Order is **OVERRULED** as moot. The Motion for Emergency Relief **[Doc. No.**

**84]** is **DENIED** as moot.  The plaintiff's Motion for Extension of Scheduling Order Deadlines [**Doc. No. 61**] is **GRANTED** in part**.**  All responses to discovery requests shall be served on the opposing party or parties within thirty days of the date of this order.  Any motions for summary judgment shall be filed within sixty days of the date of this order.

    SO ORDERED this 18th day of May, 2011, at New Haven, Connecticut.

                                              */s/ Charles S. Haight, Jr.*
                                             Charles S. Haight, Jr.
                                             Senior United States District Judge