UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IRA ALSTON

     v.                                  CASE NO. 3:09CV1978 (CSH)

MICHAEL PAFUMI, ET AL.

## RULING ON PENDING MOTIONS

Pending before the court is the plaintiff's motion for clarification and/or motion for reconsideration, a motion for extension of time and two motions seeking a ruling on the motion for clarification and for reconsideration. For the reasons set forth below, the motion for clarification is granted, the motion for reconsideration is granted, but after careful review, the relief requested is denied and the motions for extension of time and for a ruling on the motions for clarification and reconsideration are denied.

**I.**       **Motion for Clarification and/or Motion for Reconsideration [Doc. No. 92] Motions to Expedite and for Favorable Ruling [Docs. Nos. 98, 99]**

On May 18, 2011, the court ruled on a number of motions filed by the plaintiff. (*See* Ruling on Pending Motions, Doc. No. 91.) The plaintiff now seeks clarification as to the ruling on one motion and reconsideration as to the ruling on several other motions.

The plaintiff seeks clarification of the court's ruling on his motion to withdraw his motion to stay rulings. The motion for clarification is granted. The plaintiff notes that in the introductory paragraph of the ruling, the court indicated that his motion to withdraw the motion to stay rulings would be granted. In the section of the ruling addressing the motion to withdraw, however, the court noted that it had already ruled on the motion the plaintiff sought to withdraw, so the motion to withdraw was moot. Thus, the court denied the motion to withdraw as moot.

(*See id.* at 1.)  In the conclusion of the ruling, the court reiterated its decision denying the motion to withdraw as moot.  In addition, the docket sheet reflects that the motion to withdraw was denied as moot.  That is the status of this aspect of the case.  To the extent the ruling requires clarification, this discussion supplies it.

The plaintiff seeks reconsideration of the court's ruling on the renewed motion to compel the defendants to respond to his June 23, 2010 correspondence requesting documents.  He contends that the court should have granted the motion.  The court denied the motion to compel on multiple grounds.  (*See id.* at 2-4.)

The standard for granting a motion for reconsideration is strict.  *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration permits the court "to correct manifest errors of law or fact or to consider newly discovered evidence . . . ." *LoSacco v. City of Middletown*, 822 F. Supp. 870, 876-77 (D. Conn. 1993), *aff'd*, 33 F.3d 50 (2d Cir. 1994) (internal quotation marks and citation omitted).

The plaintiff disagrees with the reasons for the denial of the renewed motion to compel, but points to no errors requiring reconsideration.  The plaintiff objects to the fact that the court referred to the June 23, 2010 request for documents as correspondence.  He claims that he never referred to the request as a letter to counsel.  The plaintiff's motion to compel and memorandum and exhibit in support of the motion belie this claim.  First, the plaintiff concedes in his motion that he no longer possesses a copy of his June 23, 2010 request for documents that he mailed to counsel for the defendants.  Thus, he cannot confirm whether it was a letter to counsel or a request for production of documents.  Second, the plaintiff refers to the June 23, 2010 request for documents as a letter or correspondence in his letter to counsel dated December 23, 2010.  (*See* Mem. Supp. Mot. Compel, Doc. No. 75, Ex. A.)  Third, counsel for the

defendants described the June 23, 2010 request, as a letter addressed to her and seeking specified items. (*See* Obj. Mot. Compel, Doc. No. 59.) Accordingly, the plaintiff's objection to the court's characterization of this document request as correspondence addressed to counsel for the defendants is unfounded.

The plaintiff also objects to the fact that the court found that his correspondence addressed to counsel for the defendants did not comply with Rule 34(a), Fed. R. Civ. P. That rule requires that requests for production of documents be addressed to and served on parties. A letter to counsel for the defendants seeking documents is not a request for production of documents addressed to a party or served on a party to this litigation.

The plaintiff disagrees with the court's conclusion that incident, disciplinary, medical and classification reports relating to incidents that occurred in 2010 are not relevant to the claims in the amended complaint. The plaintiff claims that he has asserted allegations of retaliation that occurred in 2010 in his amended complaint or in the alternative that he wants to explore the possibility of filing a second amended complaint to add such allegations. The claims in the amended complaint pertain to his placement in in-cell restraints in October and November 2009. There are no allegations of retaliatory actions that occurred in 2010. At the this stage of the proceedings, the court will not permit the plaintiff to conduct discovery to determine if he might want to file a second amended complaint to add new allegations that occurred in 2010 or 2011. For all of the reasons above, the motion for reconsideration is granted as to ruling on the renewed motion to compel, but after careful reconsideration, the relief requested is denied.

The plaintiff also seeks reconsideration of the court's ruling denying the motion to set aside an Order [Doc. No. 72] issued by Magistrate Judge Margolis. (*See id.* at 6-8.) The motion for reconsideration is granted. After careful review, the court finds no error in denying the

motion to set aside the order. Thus, the relief requested is denied and the ruling is affirmed.

The plaintiff contends that the court's ruling on his motion for modification of scheduling order deadlines [Doc. No. 61], was erroneous because he never filed such a motion. He claims that in [Doc. No. 80], a motion to modify the scheduling order, he sought to extend the deadline for completing discovery to June 30, 2011 and the deadline for filing motions for summary judgment until July 31, 2011. On February 10, 2011, the court denied the motion as moot. The plaintiff contends that he never re-filed a motion to extend the scheduling order deadlines.

It is apparent that the plaintiff is confused as to the content of both of these motions. The Motion to Modify Scheduling Order [Doc. No. 80] is dated February 19, 2010. It was not docketed until February 10, 2011 because it had been inadvertently attached to another document in the court's file and was not discovered until February 2011. In that motion, the plaintiff asked the court to issue a new scheduling order containing deadlines for completion of discovery and for filing motions for summary judgment after counsel appeared for the defendants because he claimed that he would be moving to enjoin the Attorney General's Office from representing the defendants. Because the motion was dated in February 2010, but not filed until February 2011, the court denied it as moot.

The Motion for Modification of Scheduling Order, [Doc. No. 61] is dated December 6, 2010, and seeks a court order to extend the deadline for completing discovery to June 30, 2011 and the deadline for filing motions for summary judgment until July 31, 2011. Thus, the plaintiff is mistaken as to the content of the motion for modification ruled on by the court on May 18, 2011. The motion for reconsideration is granted. After careful review, the court concludes there are no errors of fact in the court's ruling granting the motion for extension of the

court's scheduling order deadlines.  Thus, the relief requested is denied and the ruling is affirmed.

For the reasons set forth above, the motion for clarification is granted as to the portion of the May 18, 2011 Ruling denying the motion to withdraw.  The motion for reconsideration is granted.  After careful reconsideration, the relief requested is denied and the Ruling on Pending Motions [Doc. No. 91] is affirmed.   The motions for an expedited and favorable ruling on the motions for clarification and reconsideration are denied.

**II.**      **Motion for Extension of Time [Doc. No. 93]**

The plaintiff seeks an extension of time to file a reply to the defendants' objection to his October 25, 2010 Request for Production of Documents.  Discovery requests and responses to those requests are not to be filed with the court and the defendants have not filed their objection with the court.  *See* Rule 5(f), D. Conn. L. Civ. R. ("depositions, notices of depositions, interrogatories, requests for documents, requests for admissions, and answers and responses shall not be filed with the Clerk's Office except by order of the Court").  The plaintiff need not to seek the court's permission to file a reply to the defendants' objection.  Thus, the motion for extension of time is denied as unnecessary.

**Conclusion**

For the reasons set forth above, the Motion for Clarification [**Doc. No. 92**] is **GRANTED** as to the portion of the May 18, 2011 Ruling [Doc. No. 91] denying the motion to withdraw.  The Motion for Reconsideration [**Doc. No. 92**] is **GRANTED**.  After careful reconsideration, the relief requested is **DENIED** and the Ruling on Pending Motions [**Doc. No. 91**] is **AFFIRMED**.  The Motions for an Expedited and Favorable Ruling [**Docs. Nos.  98, 99**]

on the motions for clarification and reconsideration are **DENIED**.  The plaintiff's Motion for Extension of Time **[Doc. No. 93]** to file a reply to defendants' objection to his discovery request is **DENIED** as unnecessary.   The Clerk is directed to send the plaintiff a copy of this order and copies of motions **[Doc. Nos. 61 and 80]**.

      SO ORDERED this 12th day of September, 2011, at New Haven, Connecticut.

                                              /s/ Charles S. Haight, Jr.
                                           Charles S. Haight, Jr.
                                           Senior United States District Judge