`                    UNITED STATES DISTRICT COURT

                        DISTRICT OF CONNECTICUT

IRA ALSTON

     v.                                        CASE NO.     3:09CV1978(CSH)

MICHAEL PAFUMI, ET AL.

## RULING ON PENDING MOTIONS

Pending before the court are sixteen motions filed by plaintiff Ira Alston. For the reasons set forth below, the motions are denied.

**I.      Motion for Clarification [Doc. 137]
         Motion for Status of Case [Doc. 149]**

These three motions all relate to the status of Plaintiff's motions for the appointment of counsel, and the Court's then-pending efforts to appoint counsel. The Court now having appointed counsel to represent Plaintiff in this case [Docs. 161 and 162], these motions are DENIED as moot.

**II.     Motion for Stay [Doc. 142]**

Plaintiff seeks to stay this action while he is on trial in another action in federal court. The trial in the other action, *Alston v. Cahill, et al.*, Case No. 07cv473 (RNC), ended on March 1, 2012. The motion for stay is denied.

**III.    Motions for Reconsideration [Docs. 113, 114, 116]**

Plaintiff seeks reconsideration of the Court's May 2011 Ruling addressing various motions [Doc. 91]. A motion for reconsideration must be filed within fourteen days of the filing of the order the party seeks to challenge. *See* D. Conn. L. Civ. R. 7(c),("Motions for Reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which relief is sought . . .").

All of the motions are dated November 30, 2011, and were received by the Court on December 2, 2011. Because the motions were filed more than fourteen days after the May 18, 2011 Ruling, they are denied as untimely.

IV.   **Motion for Reconsideration and for Clarification [Doc. 115]**

Plaintiff seeks reconsideration of the Court's January 2011 Ruling denying without prejudice his motion to depose other inmates [Doc. 65] and related orders. Plaintiff also seeks clarification as to how certain motions filed in late December 2010 and January 2011 were docketed and ruled on in January and May 2011. These issues were addressed by the court in its May 18, 2011 Ruling. Thus, the request for clarification is really another attempt by the plaintiff to have the court reconsider its December 2010, January 2011 and May 2011 Rulings.

The motion for reconsideration and for clarification is dated November 30, 2011, and was received by the court on December 2, 2011. Because this motion was filed more than fourteen days after the filing of the rulings and orders at issue, it is denied as untimely.[1]

V.   **Motion for Clarification [Doc. 136]**
     **Motion for Extension of Time [Doc. 134]**

On December 20, 2011, the Court filed a ruling [Doc. 126] on Plaintiff's motion for articulation of the reasoning behind Magistrate Judge Margolis's denial of his second motion to compel the October 25, 2010 request for production of documents. Viewing the motion for articulation with leniency, the court granted the motion and examined *de novo* the motion and Judge Margolis's ruling. The Court concluded that Judge Margolis properly denied the motion to compel.

---

[1]   There is no basis for the court to construe the motion for reconsideration of the January 5, 2011 Ruling as a renewed motion to depose inmates. The motion for reconsideration does not address the deficiencies outlined by the court in its prior ruling denying the motion to depose inmates.

The Court also cautioned Plaintiff not to continue to file unsubstantiated and frivolous motions for reconsideration and clarification after each ruling issued by the Court. The Court warned the plaintiff that it he continued with this practice, the court might be forced to impose sanctions against him.

Plaintiff moves [Doc. 136] for clarification of the December 20, 2011 Ruling with regard to any motions for reconsideration that had already been ruled upon or were pending as to of the date of the ruling. The Ruling speaks for itself. Accordingly, the motion for clarification is denied.

Plaintiff also moves [Doc. 134] for an extension of time to consult with the Inmates' Legal Assistance Program to determine if he may have a basis for filing a motion for reconsideration of the court's December 20, 2011 Ruling. The motion is denied for lack of good cause shown. *See* D. Conn. L. Civ. R. 7(b)2.

## VI.     Motion for Extension of Time [Doc. 138]

On December 29, 2011, the Court denied in part and granted in part Plaintiff's motion for exclusion of an officer at his deposition [Doc. 129]. Plaintiff seeks an extension of time to "explore the proprieties of filing a motion for reconsideration . . . of this . . . ruling." This motion is denied for lack of good cause shown.

## VII.    Motion for Extension of Time [Doc. 139]

The plaintiff seeks an extension of time to file a notice of appeal of the Court's January 4, 2012 ruling denying his renewed motion for recusal [Doc. 130] . The plaintiff claims that he does not have the appropriate legal materials or access to the appropriate legal resources "to effect any proper motion for interlocutory appeal or permissive appeal" of the ruling denying his motion for recusal. The plaintiff contends that the court must grant him an extension of time to seek assistance in filing an notice of appeal.

Under Federal Rule of Appellate Procedure 4(a)(5)(A), a district court may grant a motion for extension of time to file a notice of appeal of an order of judgment if (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

"The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension of time is usually occasioned by something within the control of the movant." On the other hand, the good cause standard is applicable "in situations in which there is no fault– excusable or otherwise." In those situations, an extension of time is necessary because of something that was entirely beyond the control of the moving party, such as where "the Postal Service fails to deliver a notice of appeal." Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note (2002 amendments). Although a party's *pro se* status may be considered in determining whether excusable neglect has been demonstrated, it does not in and of itself constitute an excuse for the litigant's non-compliance with procedural rules. *See Chiulli v. I.R.S.*, No. 03 Civ. 6670, 2005 WL 3021179, at *3 (S.D.N.Y. Sept. 21, 2005 (citing cases). Thus, the fact that a party may be unrepresented does not constitute excusable neglect. *See McDonald v. Gonzales*, No. 7:05-CV-55, 2007 WL 1526414, at *1 (N.D.N.Y. May 23, 2007) (citing cases). Other than Plaintiff's *pro se* status, he has not submitted any viable reasons constituting excusable neglect for failing to timely file an interlocutory appeal of the ruling and order denying his renewed motion for recusal.

Filing a notice of appeal is a simple task. *See Isert v. Ford Motor Co.*, 461 F.3d 756, 758 (6th Cir. 2006) ("Would-be appellants thus must complete two modest tasks before their appeals may be taken: They must give 'notice' of their appeal, and they must give notice 'in time.'"). Rule 3(c) of the Federal Rules of Appellate Procedure requires the notice of appeal to "specify the party or

4

parties taking the appeal by naming each one in the caption or body of the notice" and " designate the judgment, order, or part thereof being appealed; and name the court to which the appeal is taken." Plaintiff could have requested a notice of appeal form from the Clerk or could simply have drafted and filed his own Notice of Appeal form as he did in another case filed in this court. *See Alston v. Cahill, et al.*, No. 3:07cv473 (RNC) (Notice of Appeal, Doc. No. 340). Thus, assistance from legal services organizations or attorneys is not required to prepare a notice of appeal. *See Avery v. Hendricks*, No. 04-1481(DMC), 2006 WL 2627945, at *3 (D.N.J. Sept. 13, 2006) (rejecting *pro se* litigant's claim that legal services were necessary to file a notice of appeal and noting that "a notice of appeal is of no great legal moment" and that a "simple letter stating intent to appeal" would have been sufficient).

Plaintiff's vague and unsupported assertion that he requires access to legal resources, materials and assistance in order to file an appeal does not permit the court to find excusable neglect for purposes of Fed. R. App. P. 4(a)(5)(A). In addition, Plaintiff has not cited to any extrinsic factor or condition that prevented him from filing a timely notice of appeal. Thus, he had not demonstrated good cause an extension of time.

The Court concludes that Plaintiff has failed to demonstrate good cause or excusable neglect justifying an extension of time to file an interlocutory appeal of the ruling and order denying his renewed motion for recusal. The motion for extension of time is denied.

**VIII.    Motion to Compel and for Sanctions [Doc. 112]**

Plaintiff seeks a court order directing counsel for Defendants to send him a copy of his June 23, 2010 Request for Production of Documents. Plaintiff claims that he sent a letter to Defendants' counsel asking for a copy of the production reques and that to date, Defendants' counsel has not sent Plaintiff a copy of his June 23, 2010 Request for Production of Documents. Defendants'

counsel has no obligation to send Plaintiff a copy of his own production request. Accordingly, this motion.

### IX.     Motion to Compel and for Sanctions [Doc. 121]

Plaintiff seeks to compel Defendants to respond to his December 25, 2010 Request for Production of Documents. The record reflects that the Court granted Defendants an extension of time until to June 17, 2011, respond to the December 25, 2010 production request. Plaintiff concedes that on June 17, 2011, Defendants served their responses to the request on him.

In their June 17, 2011 response, Defendants indicated that they would permit Plaintiff to view handheld security camera footage for the period of November 23, 2009 to November 26, 2009. Defendants were to arrange for the viewing. Paintiff asserts that he has not been permitted to review the camera footage for this time period.

A party may seek the assistance of the court only after it has complied with the provisions of Rule 37(a)(1) of the Federal Rules of Civil Procedure. Under this rule, a motion to compel must include a certification that the movant has made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the court. Plaintiff does not assert nor attach exhibits to demonstrate that after June 17, 2011, he made any attempt to confer with counsel for Defendants in order to resolve any dispute he had with Defendants' response to his December 2010 request. Thus, Plaintiff has not satisfied this requirement and this motion is denied.

**Although the Court has denied the motion to compel, it expects that if Defendants have not already done so, they will make arrangements as soon as possible for Plaintiff to view the handheld footage of incidents occurring during the period of November 23, 2009 to November 26, 2009, as indicated in their response to the request for production. Counsel should report to the Court after Plaintiff has been permitted to review the footage.**

**X.      Motion to Compel and for Sanctions [Doc. 120]**

Plaintiff seeks to compel Defendants to respond to his March 13, 2011 request for production of documents. Defendants responded to the request on August 22, 2011. Plaintiff does not assert nor attach exhibits to demonstrate that after August 22, 2011, he made any attempt to confer with counsel for the defendants in order to resolve any dispute he had with Defendants' response to his March 13, 2011 request. Thus, Plaintiff has not satisfied the requirement that he try to speak with or contact counsel for the defendants in an attempt to resolve the discovery dispute prior to filing the motion to compel.

Furthermore, Plaintiff claims to need the documents included in the March 2011 request because the documents pertain to state law claims included in the Amended Complaint. A review of the Amended Complaint reflects no state law claims. Thus, the request for production does appear to seek documents that are relevant to a claim or defense. The motion is denied.

**XI.     Motions for Emergency Relief [Docs. 131, 145]**

In these motions, Plaintiff asks the court to rule on his pending motions. The court has ruled on all pending motions. The motions for a ruling are denied.

**Conclusion**

All the pending motions discussed above are DENIED, specifically: the Motion for Clarification [Doc. 137], the Motion for Status of Case [Doc. 149], the Motion for Stay [Doc. 142], the Motions for Reconsideration [Docs. 113, 114, 115, 116], the Motion for Clarification [Doc. 136], the Motion for Extension of Time [Doc. 134], the Motions for Extension of Time [Doc. 138-139], the Motions to Compel [Doc. 112, 120, 121], and the Motions for Emergency Relief [Docs. 131, 145].

Although the Court has denied Doc. 121, it expects that if the defendants have not already done so, they will make arrangements as soon as possible for the plaintiff to view the handheld footage of incidents occurring during the period of November 23, 2009 to November 26, 2009, as indicated in their response to the request for production. Counsel should report to the Court after the plaintiff has been permitted to review the footage.

SO ORDERED.

Dated: New Haven, Connecticut
       December 7, 2012

                                                 */s/ Charles S. Haight, Jr.*
                                                 Charles S. Haight, Jr.
                                                 Senior United States District Judge