UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IRA ALSTON, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:09-cv-01978 (VAB) |
| v. | : | |
| | : | |
| MICHAEL PAFUMI, ET AL., | : | FEBRUARY 4, 2016 |
| Defendants. | : | |

### RULING ON MOTION FOR RECONSIDERATION

Plaintiff, Ira Alston, moves for reconsideration of the Court's ruling on Defendants'

motion for summary judgment.  The motion for reconsideration is untimely because it was filed

more than fourteen days after the Court's ruling.  D. Conn. L. Civ. R. 7(c)1.  Furthermore,

although Mr. Alston is represented by Court-appointed *pro bono* counsel, he filed the motion for

reconsideration himself, and the Court generally does not allow represented parties to file

motions except through counsel.  *See United States v. Johnson*, No. 3:09-cr-00247 (RNC), 2010

WL 3999232, at *1 (D. Conn. Oct. 6, 2010) ("When a defendant who is represented by counsel

files a motion pro se, the motion need not be accepted by the court.").  For those reasons, the

motion is DENIED.  Nevertheless, the Court writes to clarify certain aspects of its ruling.

Mr. Alston claims that the Court erred by dismissing as abandoned claims that he did not

address in his memorandum.  In his motion for reconsideration, Mr. Alston lists claims that he

allegedly asserted in his Amended Complaint but which, he claims, Defendants did not address

in their memorandum in support of their motion for summary judgment.  Mr. Alston argues that,

because Defendants allegedly did not address these alleged claims in their memorandum, he was

under no obligation to address them in his memorandum, and therefore they should not have

been dismissed.  The Court disagrees.

Mr. Alston lists a number of alleged claims under the Eighth and Fourteenth

Amendments based on his in-cell restraint status, including excessive force, deliberate

indifference, failure to protect, and due process.  Mot. for Reconsider. at 6-7.  In their

memorandum, Defendants argued at length that their actions with respect to Mr. Alston's in-cell

restraint status did not violate any of his rights under the Eighth and Fourteenth Amendments.

*See* Defs.' Mem. at 15-21, ECF No. 191-2.  They argued, *inter alia*, that Mr. Alston's in-cell

restraint status did not impose an unnecessary or wanton infliction of pain or punishment that

would rise to the level of a constitutional violation, *id.* at 5, 17, that the use of in-cell restraints

by prison officials does not violate the Eighth Amendment, *id.* at 18-20, that Mr. Alston's failure

to allege that any of the Defendants' actions caused him an objectively serious injury was fatal to

a deliberate indifference claim, *see id.* at 25, and that their actions "did not violate the plaintiff's

rights under the Eighth or Fourteenth Amendments[,]" *id.* at 21.  Further, in response to Mr.

Alston's claims that all Defendants conspired against him in connection with his in-cell restraint

status, Defendants argued that Mr. Alston had not made the required showing.  *Id.* at 33-34.  *See*

*Jackson v. Fed. Exp.*, 766 F.3d 189, 195-96 (2d Cir. 2014).

Mr. Alston also claims that the Court should not have dismissed as abandoned his

retaliation claims against Marquiss and Riordan.  Mot. for Reconsider. at 7-8.  The Court did not

dismiss those claims as abandoned.  *See* Order at 9.  The Court dismissed them because Mr.

Alston failed to raise a genuine dispute that any Defendants other than Lt. Pafumi and Warden

Quiros were aware of his protected activity.  Order at 13.

Mr. Alston argues that the Court failed to address his claim that he was not able to

consume his daily meals.  In his Amended Complaint, Mr. Alston claimed constructive

deprivation of meals as a result of Defendants' not providing him with utensils while he was on

in-cell restraint status.  Defendants addressed this claim in their memorandum, and Mr. Alston

did not respond.

Mr. Alston claims that the Court failed to address his claim that he "was held in extreme tight restraints[.]" Mot. for Reconsider. at 12.  But the Court noted in its ruling that the video evidence showed that staff were able to place multiple fingers between Mr. Alston's skin and his restraints, *id.* at 22, and concluded that Mr. Alston had not raised a genuine dispute as to his conditions of confinement claim, *id.* at 23.  To be sure, the Court reiterates that Mr. Alston has not raised a genuine dispute that the conditions of his confinement were unconstitutional.

Finally, the Court stated in its ruling that the video evidence showed that Mr. Alston's cell was clean when he entered "and when he left." Order at 22-23.  The video evidence does not show Mr. Alston leaving the cell, but rather that his cell was clean when he entered and when he was removed from, or "left," in-cell restraint status.  The Court's conclusion remains that Mr. Alston has not raised a genuine dispute as to whether the conditions of his cell were unconstitutional.

SO ORDERED at Bridgeport, Connecticut this fourth day of February, 2016.

 /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE