UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IRA ALSTON, | : | |
| | : | |
|    Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:09-cv-01978 (VAB) |
| v. | : | |
| | : | |
| MICHAEL PAFUMI, ET AL., | : | MAY 10, 2016 |
| | : | |
|    Defendants. | : | |

## RULING ON MOTIONS IN LIMINE

The pending trial involves Mr. Alston's claims that Lt. Saylor assaulted him in his cell, and that Lt. Pafumi retaliated against him for making a complaint by placing him on in-cell restraint status. Mr. Alston filed four motions in limine. Defendants have not opposed them.

The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Levinson v. Westport Nat'l Bank*, No. 3:09-cv-01955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013) (quoting *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005)). A court considering a motion in limine may reserve judgment until trial, so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

The denial of any motion in limine in this ruling does not preclude any party from objecting to the subject evidence if and when it is offered at trial. The Court merely declines to preclude categorically the subject evidence at this stage.

**I.      Motion in Limine re: Any Defense Witness (ECF No. 268)**

Mr. Alston asks the Court to (1) preclude any defense witness from testifying about Defendants' "good character" or "conduct"; (2) require Defendants and any defense witness to wear civilian clothing at trial; and (3) require Defendants and any defense witnesses to testify from personal knowledge.  The motion is denied.

Mr. Alston's first request is vague.  Defense witnesses may testify about Defendants' conduct – that is what this case is about.  Mr. Alston asks the Court to preclude evidence of Defendants' "good character."  Presumably, he is concerned with impermissible character evidence.  Of course, exceptions exist, *see* Fed. R. Evid. 404(a)(3), and the Court will address those issues if and when they arise at trial.

Mr. Alston's second request is denied.  Defendants may dress in uniform or civilian clothing at trial.  *Cf. United States v. Blackwood*, 456 F.2d 526, 529 (2d Cir. 1972) ("[A] trial judge must be afforded wide latitude in management of the courtroom."); *Sin v. Fischer*, No. 01 Civ. 9376 (GEL), 2002 WL 1751351, at *2 (S.D.N.Y. July 26, 2002) ("[A] trial judge has broad discretion to manage courtroom logistics").

Mr. Alston's third request is unnecessary.  The Court will apply Fed. R. Evid. 602 where appropriate.

**II.     Motion in Limine to Preclude Evidence Regarding Plaintiff's Prior Lawsuits (ECF No. 269)**

Mr. Alston asks the Court to preclude Defendants from offering evidence that he has filed other lawsuits against the Department of Correction ("DOC"), DOC personnel, and the State of Connecticut.  The motion is denied.

The protected activity involved in Mr. Alston's retaliation claim is intra-prison complaints.  The probative value of evidence that Mr. Alston has filed other lawsuits likely is

substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.  *See* Fed. R. Evid. 403; *Raysor v. Port Auth. of N.Y. & N.J.*, 768 F.2d 34, 40 (2d Cir. 1985) ("[pro se plaintiff's] litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant.").  The Court, however, cannot conclude at this time that such evidence will never be properly admissible in this case and, therefore, will reserve judgment until trial.

### III.     Motion in Limine to Preclude Plaintiff's Medical Records (ECF No. 273)

Mr. Alston asks the Court to preclude Defendants from offering documentary evidence from his health records.  The motion is denied.

Mr. Alston claims that Lt. Saylor slapped him across the face repeatedly with the front and back of his hand, grabbed him by the neck and shoved his head and face into the wall, and choked him until near unconsciousness while threatening to kill him if he told anyone.  Alston Aff. ¶¶ 53-55, ECF No. 202-2.  Documentary evidence of Mr. Alston's physical condition following this alleged assault may be relevant on the question of whether the alleged assault happened.  Also, if Alston claims that he suffered physical injuries from the alleged assault, medical records showing that the injuries predated the alleged assault may also be relevant.  *See Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993) (medical records relating to preexisting conditions admissible on question of causation of plaintiff's injuries).  If medical records are offered at trial, the Court will consider their admissibility under Fed. R. Evid. 803.

Mr. Alston argues that his health records are not admissible because they are protected under the Health Insurance Portability and Accountability Act ("HIPAA").  He claims that the disclosure of his medical records to Defendants and their counsel was in violation of HIPAA and discovery rules.  *See* ECF No. 273 at 1-3.

The Court will reserve judgment until these issues are placed in context.  *See Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287.  Mr. Alston's motion provides the Court with no information about what medical records Defendants might seek to introduce.  The Court has not heard from Defendants regarding what medical records are in their possession, how they came to be in their possession, or whether HIPAA presents concerns regarding the admissibility of the records.  The Court cannot conclude without further information that "the evidence is clearly inadmissible on all potential grounds[,]" *Levinson*, 2013 WL 3280013, at *3, and therefore will reserve judgment.

### IV.  Motion in Limine to Exclude Evidence Regarding Plaintiff's Disciplinary History (ECF No. 287)

Mr. Alston asks the Court to preclude Defendants from offering any evidence regarding his disciplinary history and inmate master file before and after the events in November 2009 that are the subject of this lawsuit, and any evidence pertaining to his gang affiliation.  He argues that such evidence is inadmissible character or propensity evidence under Fed. R. Evid. 404(b), and that its probative value is substantially outweighed by a danger of unfair prejudice, *see* Fed. R. Evid. 403.  The motion is denied.

Mr. Alston's disciplinary history and inmate file cannot be offered to prove that he had a certain character trait and acted in conformity with that trait on a particular occasion.  *See* Fed. R. Evid. 404(b)(1). Rule 404(b) does, however, provide that other acts may be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  Fed. R. Evid. 404(b)(2).  Defendants have not opposed this motion, and, as a result, the Court does not know for what purpose(s) Defendants intend to offer Mr. Alston's disciplinary history and inmate file.  Therefore, the Court will reserve judgment until these issues are placed in context at trial.  *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 937 F. Supp. at 287.  Moreover, because the Court does not know for what

4

purpose(s) Defendants intend to offer Mr. Alston's disciplinary history and inmate file, the Court cannot conclude at this stage that the probative value of such evidence is substantially outweighed by a danger of unfair prejudice.

Similarly, while evidence of Mr. Alston's gang affiliation is prejudicial, and may be precluded under Fed. R. Civ. P. 403, *see United States v. Reyes*, No. 3:11-cr-00001 (MRK), 2012 WL 3727995, at *2 (D. Conn. May 1, 2012) ("Evidence that a defendant is a member of a gang can be highly prejudicial . . . Alleged membership in the Bloods, 'a notorious nationwide street gang,' is potentially even more prejudicial than general gang membership.") (quoting *United States v. Nelson*, 103 F. Supp. 2d 512, 513 (N.D.N.Y. 1999) and *United States v. Price*, No. 05-CR-492 (NGG), 2009 WL 973370, at *2 (E.D.N.Y. Apr. 10, 2009), *as clarified*, 2009 WL 1010483 (E.D.N.Y. Apr. 14, 2009)); Defs.' Mot. Summ. Judg., Ex. 1, ECF No. 191-3 (Inmate Overview Sheet indicating that Mr. Alston is a "BLOODS THREAT"); *Carter v. City of Yonkers*, 345 F. App'x 605, 607 (2d Cir. 2009) (district court in civil action did not abuse its discretion in excluding evidence of gang affiliation, having concluded that risk of prejudice substantially outweighed probative value), without knowing for what purpose(s) such evidence might be offered, the Court cannot conclude at this stage that its probative value is substantially outweighed by a danger of unfair prejudice.  The Court will reserve judgment until trial.

SO ORDERED at Bridgeport, Connecticut, this tenth day of May, 2016.

/s/ Victor A. Bolden_____
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE