# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IRA ALSTON, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:09-cv-01978 (VAB) |
| | : | |
| MICHAEL PAFUMI, ET AL., | : | |
| Defendants. | : | |

## RULING ON MOTION FOR A NEW TRIAL

From August 16, 2016 through August 18, 2016, this Court held a jury trial regarding a

First Amendment retaliation claim and an Eighth Amendment excessive force claim brought by

Plaintiff, Ira Alston, under 42 U.S.C. § 1983.  On August 18, 2016, the jury entered its verdict

against Mr. Alston and in favor of the Defendants, Michael Pafumi and Melvin Saylor, finding

that Defendants did not violate Mr. Alston's First Amendment or Eighth Amendment rights.

Jury Verdict, ECF No. 377.  On August 24, 2016, the Court entered a final judgment in favor of

Defendants, consistent with the jury's verdict.  Judgment, ECF No. 378.  Mr. Alston now moves

for a new trial or, in the alternative, an altered judgment in this matter.  For the reasons set forth

below, Mr. Alston's motion is **DENIED**.

## I.      STANDARD OF REVIEW

Motions for a new trial and/or an altered judgment are governed by Fed. R. Civ. P. 59.

"The decision whether to grant a new trial under Rule 59 is committed to the sound discretion of

the trial court."  *Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*, 955 F.Supp.2d 118, 142

(E.D.N.Y. 2013) (internal quotation marks and citations omitted).   "As a general matter, a

motion for a new trial should be granted when, in the opinion of the district court, the jury has

reached a seriously erroneous result or the verdict is a miscarriage of justice."  *DLC Management*

*Corp. v. Town of Hyde Park*, 163 F.3d 124, 133–34 (2d Cir.1998) (internal quotation marks and citation omitted). "A new trial may be granted, therefore, when the jury's verdict is against the weight of the evidence… Moreover, a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner." *Id*. Nevertheless, courts are generally instructed to defer to the jury's credibility evaluations when considering a Rule 59 motion. *See Ricciuti v. N.Y. City Transit Auth.,* 70 F. Supp. 2d 300, 306 (S.D.N.Y. 1999) ("Where it appears that the district court failed to give the jury's credibility evaluations sufficient deference, an order granting a new trial will be reversed").

## II.    DISCUSSION

Mr. Alston has specified ten separate grounds for a new trial and/or an altered judgment. He argues that the Court erred in the following ways: (1) granting the motion to withdraw filed by attorney Melissa Federico; (2) denying Mr. Alston's motion to re-appoint pro bono counsel; (3) denying Mr. Alston's request to subpoena Commissioner Scott Semple to testify at trial; (4) denying permission for Jermaine Jones to testify as a witness in Mr. Alston's case-in-chief; (5) admitting portions of Mr. Alston's medical records; (6) admitting testimony about Mr. Alston's disciplinary history; (7) prohibiting certain lines of inquiry regarding Correction Officer ("C.O.") Bowerman's testimony; (8) prohibiting Mr. Alston from accessing the Defendants' job performance and disciplinary records; (9) prohibiting cross-examination regarding Defendants' job performance and disciplinary records; and (10) admitting excerpts of Mr. Alston's original and amended complaints into evidence. The Court concludes that none of these rulings resulted in a seriously erroneous result or a miscarriage of justice as required for a new trial or an altered judgment under Rule 59.

### 1.   Withdrawal of Appointed Counsel and Denial of New Counsel

Mr. Alston claims that a new trial is justified because the Court granted the motion to

withdraw filed by his appointed attorney, Melissa Federico, and denied Mr. Alston's motion to

appoint a new attorney in her place.  Mem. in Supp. at 4-6, ECF No. 382.  Attorney Federico was

appointed to represent Mr. Alston in November 2012 along with Attorney Hugh F. Murray, III.

Federico Not. of Appearance, ECF No. 160.  When Attorney Murray moved to a new law firm

and filed a motion to withdraw in December 2015, Attorney Federico continued representing Mr.

Alston as pro bono counsel.[1]  Murray Mot. to Withdraw, ECF No. 221.

Attorney Federico filed a motion to withdraw in January 2016, referencing "safety

concerns" about her continued representation and explaining that Mr. Alston's "failure to follow

instructions and grievance threats" had resulted in a breakdown in the attorney-client

relationship.  Federico Mot. to Withdraw, ECF No. 229.  The Court initially denied Attorney

Federico's motion for failure to comply with the notice provisions of the Local Civil Rules of the

United States District Court for the District of Connecticut ("Local Rules"), and Attorney

Federico subsequently filed a renewed motion that complied with the Local Rules.  Federico

Renewed Mot. to Withdraw, ECF No. 238.  The Court granted Attorney Federico's renewed

motion and denied Mr. Alston's subsequent motions for appointment of counsel.  2/5/2016

Order, ECF No. 239; 2/16/2016 Order, ECF No. 249.

"There is no requirement that an indigent litigant be appointed *pro bono* counsel in civil

matters, unlike most criminal cases."  *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994).

Furthermore, "[t]he Second Circuit has repeatedly cautioned the district courts against the

---

[1]        According to Attorney Murray's motion to withdraw, he had offered to continue representing Mr. Alston
after leaving his firm, but Mr. Alston had indicated that he preferred not to have Attorney Murray continue to
represent him.  Murray Mot. to Withdraw, ECF No. 221.

routine appointment of counsel." *Alston v. Bellerose*, No. 3:12-cv-00147 (CSH), 2015 WL 4487973, at *15 (D. Conn. July 23, 2015). The decision to appoint counsel is committed to the sound discretion of the trial court, 28 U.S.C. § 1915(e), and permitting the withdrawal of appointed counsel without appointing new counsel has been found to be appropriate where, as here, the represented party's own behavior results in the need for withdrawal. *See Whiting v. Lacara*, 187 F.3d 317, 322 (2d Cir. 1999) ("We believe that appellee's desire both to dictate legal strategies to his counsel and to sue counsel if those strategies are not followed places [appointed counsel] in so impossible a situation that he must be permitted to withdraw"); *Barnes v. Alves*, 10 F. Supp. 3d 382 (W.D.N.Y.), *reconsideration denied*, 10 F. Supp. 3d 391 (W.D.N.Y. 2014) (denying motion for appointment of counsel where pro bono counsel had previously been appointed for prisoner, counsel had aided prisoner in clarifying his claims but prisoner's allegedly threatening behavior had led to withdrawal of that counsel, and prisoner had demonstrated that he was capable of pursuing his claims without counsel).

The Court's decisions to grant Attorney Federico's withdrawal as counsel and deny Mr. Alston's subsequent motions for appointment of counsel did not constitute an abuse of discretion and did not result in a "miscarriage of justice" as required for a new trial or an amended judgment under Rule 59. Accordingly, a new trial or an amended judgment is not justified on these grounds.

### 2.   Denial of Potential Testimony by Scott Semple and Jermaine Jones

Mr. Alston argues that the Court erred in denying his request to subpoena Commissioner Scott Semple as an "expert witness" in his case. Mr. Alston also argues that the Court erred in denying his request to have former inmate Jermaine Jones testify at trial. In light of district judges' "wide latitude in determining whether evidence is admissible at trial," *Caruolo v. John*

*Crane, Inc.,* 226 F.3d 46, 54 (2d Cir.2000), the exclusion of these two witnesses does not provide a basis for a new trial or amended judgment.

Mr. Alston's request to subpoena Commissioner Semple as a witness was properly denied.  In its pre-trial order on August 11, 2016, the Court explained that the testimony of Commissioner Semple was "unnecessary in light of the narrow issues presented in this case." 8/11/2016 Order, ECF No. 333.  According to Mr. Alston, Commissioner Semple would have testified about general Department of Corrections ("DOC") guidelines governing in-cell restraint status to show that Defendant Pafumi's use of in-cell restraints was not in compliance with DOC policy.  Mot. for New Trial at 7.

However, the question of Defendant Pafumi's compliance with DOC policy was not at issue in this case, as Mr. Alston's Eighth Amendment claim against Defendant Pafumi was properly dismissed on summary judgment and the only claim remaining against Defendant Pafumi was a First Amendment retaliation claim.  Summary Judgment Ruling, ECF No. 224.  As this claim concerned Defendant Pafumi's motivation for placing and keeping Mr. Alston in in-cell restraint status rather than the conditions of in-cell restraint status, the Court properly concluded that Commissioner Semple's testimony was not necessary. *See Patterson v. Balsamico,* 440 F.3d 104, 118 (2d Cir. 2006) (district court's decision to exclude witness testimony was not an abuse of discretion where party did not provide the court with an adequate explanation of the importance of the testimony); *United States v. Mooney,* 269 F. 853, 855 (E.D.N.Y. 1920) (denying motion for new trial where "the testimony in question, if not actually immaterial, would not have been sufficient to justify disturbing the verdict of the jury").

The Court also properly excluded the testimony of Jermaine Jones.  Mr. Alston's Supplemental Witness List, filed on April 22, 2016, indicated that Mr. Jones would have testified

about the lack of disruptive noises made by Mr. Alston during his time in in-cell restraints, Mr. Alston's "complaints of pain and suffering" during that time, Defendant Pafumi's alleged threats to throw Mr. Alston's mail in the trash, and the "general conditions of [in-cell restraint] status." Alston Supp. Witness List, ECF No. 302.

According to Mr. Alston's own description, most of this proposed testimony was identical to the proposed testimony of other witnesses who were permitted to testify at trial, and therefore was properly excluded as cumulative. *Id.* In the same Supplemental Witness List, Inmates Taylor Dunbar, Darnell More and Tyrone Hill were also described as providing testimony about the lack of disruptive noises made by Mr. Alston during his time in in-cell restraints, and Inmates Kenya Brown and Mitchell Joyner were both described as providing testimony about threatening statements allegedly made by Defendant Pafumi. *Id*. at 5-7. The remaining proposed testimony on the part of Jermaine Jones was not relevant to the retaliation claim against Defendant Pafumi, as Mr. Alston's discomfort during in-cell restraint status was no longer at issue in light of the dismissal of Mr. Alston's Eighth Amendment claim against Defendant Pafumi. *See United States v. Diaz,* 176 F.3d 52, 81 (2d Cir. 1999) (upholding district court's decision to exclude testimony based on determination that testimony would be irrelevant); *Carrasquillo v. City of Troy*, 251 F. App'x 688, 690 (2d Cir. 2007) (upholding district court's decision to exclude testimony where proposed witness' "narrative would duplicate the testimony given by earlier witnesses").

The testimony of both Commissioner Semple and Mr. Jones was properly excluded as duplicative and/or irrelevant, and a new trial is not warranted on this ground.

6

### 3.   Admission of Mr. Alston's Medical Records and Disciplinary History

Mr. Alston argues that the Court erred by denying his motions in limine to exclude his medical records and his disciplinary history, claiming that the admission of portions of his medical records violated the Health Insurance Portability and Accountability Act ("HIPPAA") and that his disciplinary history was "highly irrelevant and prejudicial."  Mem. in Supp. at 10. The Court declined to categorically exclude such evidence, recognizing that evidence of Mr. Alston's physical state after an alleged assault on the part of Defendant Saylor could be highly probative and that Mr. Alston's disciplinary history was certainly relevant to whether Defendant Pafumi's decision to place him on in-cell restraint status was retaliatory. 5/10/2016 Order, ECF No. 319.

Mr. Alston has not specified what portions of his health records or disciplinary records were admitted that should not have been admitted, nor does he specify any basis for the Court to conclude that the admission of these materials resulted in a miscarriage of justice as required for a new trial.   With Mr. Alston having failed to meet his evidentiary burden, the Court finds that a new trial or amended judgment is not merited on these grounds. *See ING Glob. v. United Parcel Serv. Oasis Supply Corp.,* 757 F.3d 92, 99 (2d Cir. 2014) (reversing district court's decision to grant new trial where "review of the record yields no basis on which to conclude that the jury's verdict was 'egregious,' 'seriously erroneous' or 'a miscarriage of justice'").

### 4.   Prohibition of Inquiry Regarding Mrs. Bowerman's Marital Relationship

Mr. Alston further complains that he should have been permitted to cross-examine defense witness Correction Officer Bowerman regarding her marriage relationship to another Correction Officer.  Mr. Alston argues that this line of inquiry would have exposed alleged bias on the part of C.O. Bowerman.  The Court finds that it properly exercised its discretion by

preventing cross-examination on this topic, and its decision does not provide a basis for a new trial or amended judgment.

C.O. Bowerman's marital relationship did not have any material relevance to the matters at issue in this case, and additional inquiry would not have been probative of bias on the part of this witness. When determining whether to allow inquiry in connection with potential witness bias, "the trial judge has discretion to determine how far the details, whether on cross-examination or by other witness, may be allowed to be brought out." *United States v. Weiss*, 930 F.2d 185, 197 (2d Cir. 1991) (citing E. Cleary, McCormick on Evidence § 40, at 88 (3d ed. 1984)); *see also Stampf v. Long Island R. Co.*, 761 F.3d 192, 203 (2d Cir. 2014) ("District courts enjoy substantial latitude in making evidentiary rulings"). A detailed interrogation of Mrs. Bowerman's marital relationship was neither probative nor necessary, and Mr. Alston has not demonstrated that the allowance of the proposed cross-examination would have influenced the jury's verdict in any way. Accordingly, neither a new trial nor an altered judgment is justified on this ground.

### 5. Evidentiary Rulings Regarding Defendants' Personnel Records

Mr. Alston objects to the Court's decision to prohibit access to Defendants' personnel records. Defendants had submitted these records to the Court for *in camera* review, as the records included sensitive personal information about both Defendant Pafumi and Defendant Saylor. After a careful review, the Court did not find any material of probative value within the personnel records; nonetheless, the Court ordered that the documents should be redacted and turned over to Mr. Alston for his review. 08/11/2016 Order at 8-9. Defendants subsequently filed motions for reconsideration, explaining the safety concerns associated with allowing an inmate to access personnel files of Correction Officers and other DOC staff members and

8

arguing that there was nothing of probative value in those personnel records.  Mots. for

Reconsideration, ECF Nos. 335, 336.  The Court granted Defendants' motions, recognizing the

lack of probative value of these documents and finding that the discovery of these documents

would not be proportional in the context of this case under Fed. R. Civ. P. 26.  08/15/2016 Order

at 3-4, ECF No. 347.

      For the reasons set forth in the August 15, 2016 Order on Defendants' Motions for

Reconsideration, the Court finds that the denial of access to this information was appropriate and

not unduly prejudicial to Mr. Alston's case.  Similarly, the prohibition of Mr. Alston's inquiry

into these records was appropriate and did not improperly influence the jury's verdict in this

matter.  Accordingly, a new trial or amended judgment is not justified on these grounds.

### 6.   Admission of Excerpts of Mr. Alston's Complaint into Evidence

      Finally, Mr. Alston objects to the admission of his original and amended Complaints.

Mem. in Supp. at 1.  However, Mr. Alston does not specify any way in which excerpts of his

own Complaint could have unfairly impacted the jury's verdict.  Accordingly, a new trial or

amended judgment is not justified on this ground.

## III.   CONCLUSION

      Mr. Alston has failed to identify any valid basis for this Court to find a "miscarriage of

justice" or a "seriously erroneous result" as required to justify a new trial or an amended

judgment in this matter.  *DLC Management Corp.*, 163 F.3d at 133–34.  The Court finds that the

jury's verdict was in fully in line with the weight of the evidence, and it further concludes that

none of the contested decisions and evidentiary rulings had a material effect on the jury's ability

to reach a fair verdict in this matter.  Mr. Alston's motion for a new trial and amended judgment

is **DENIED**.

SO ORDERED in Bridgeport, Connecticut this 12th day of December, 2016.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE